UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UMG RECORDINGS, INC., *et al*., <br><br> *Plaintiffs,* <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC. <br><br> *Defendant.* | Case No. 1:21-cv-02020-RM-KLM |

## MOTION TO RESCHEDULE THE NOVEMBER 2, 2021 SCHEDULING/PLANNING CONFERENCE AND FOR PROTECTIVE ORDER

Pursuant to D.C.Colo.L.Civ.R. 6.1(a)-(b), Defendant Charter Communications, Inc. ("Charter") respectfully moves the Court to reschedule the Scheduling/Planning Conference set by the Court for November 2, 2021 for a date on or after January 10, 2022. In addition, Charter respectfully moves the Court for a protective order staying the deadline for the parties' initial disclosures and all other discovery until the issue of moving the Scheduling/Planning Conference is resolved.

**1.     Certification Pursuant to D.C.Colo.LCivR 7.1(a).** Counsel for Charter conferred with counsel for Plaintiffs via email on September 29, 2021, October 1, 2021, and October 4-6, 2021. Ex. A. Counsel for Charter also made several attempts to confer with Plaintiffs' counsel via telephone on October 5, 2021 and October 6, 2021 regarding the relief requested by this Motion. *Id.* Counsel for Plaintiffs stated that Plaintiffs would not consent to Charter's request to continue the Scheduling/Planning Conference to January 2022, but would only consent to move the Conference to November 16, 17, 18, or 19, 2021. *Id.* Because this limited continuance would not adequately address all of the concerns that Charter has raised regarding the schedule, Charter determined that the parties are at an impasse requiring Court resolution.

1

2. Plaintiffs filed this lawsuit against Charter ("*Charter II*") on July 26, 2021. [ECF 1]. This is the second-filed case between substantially the same parties, represented by substantially the same counsel, concerning Plaintiffs' allegations that Charter, a cable company that provides customers with a connection to the Internet, should be found liable for acts of alleged copyright infringement by its customers online. The first case, *Warner Records, Inc. et al. v. Charter Commc'ns, Inc.*, Case No. 1:19-cv-00874-RBJ-MEH (D. Colo.) ("*Charter I*"), was filed March 22, 2019 and is pending before Senior Judge R. Brooke Jackson in this District. The *Charter I* case is scheduled to commence trial on October 24, 2022.

3. There is also a substantially similar case pending against Bright House Networks, LLC, a company acquired by Charter in 2016, in the Middle District of Florida: *UMG Recordings, Inc., et al. v. Bright House Networks, LLC*, Case No. 8:19-cv-00710-MSS-TGW M.D. Fla.) ("*Bright House*"). The *Bright House* case was filed on March 22, 2019 and involves substantially similar claims (though asserted against Bright House rather than Charter) and the same counsel as *Charter I*. The *Bright House* case is pending before Judge Mary Scriven and is scheduled to commence trial on or about August 1, 2022.

4. Charter moved to dismiss the Complaint in *Charter II* on September 17, 2021. [ECF 34]. The motion to dismiss will not be fully briefed until October 22, 2022.

5. On August 10, 2021, prior to Charter filing its motion to dismiss, Magistrate Judge Mix issued an order setting a Scheduling/Planning Conference for November 2, 2021. [ECF 24]. The order directed that, "[i]f this date is not convenient for any counsel or pro se party, he or she shall file a motion to reschedule the conference to a more convenient date, and shall list dates in the motion which are available for all counsel and pro se parties." *Id.*

6. Charter respectfully submits that the November 2, 2021 date currently set for the Scheduling/Planning Conference is not convenient due to the many impending deadlines and obligations in the *Charter I* and *Bright House* cases—several of which uniquely impact Charter's counsel and include the types of events for which Plaintiffs' counsel have sought and received extensions in *Charter I*.

7. Specifically, there is a global mediation between the parties (to cover *Charter I* and *Bright House*, and presumably this case as well) scheduled for November 9, 2021 before the Honorable S. James Otero (Ret.) of JAMS, with Magistrate Judge Hegarty also participating. The mediation briefs are due on November 2, 2021—the same date as the currently scheduled Scheduling/Planning Conference.

8. There are **eleven** expert depositions in *Charter I* being taken in the next two weeks. Expert discovery closes in *Charter I* on October 15, 2021.

9. The deadline for filing summary judgment and *Daubert* motions in *Charter I* is November 15, 2021. [*Charter I,* ECF 527]. Opposition briefs are due on December 20, 2021. *Id.* Counsel for Plaintiffs have indicated that Plaintiffs will be filing a summary judgment motion that will involve voluminous supporting materials, and therefore Charter anticipates that substantial time will be required of its counsel in November and December to review Plaintiffs' materials and to prepare Charter's opposition briefing.

10. In the month of October, there are also two separate hearings on four different motions to compel pending in the *Bright House* case, which require travel by counsel to and from Tampa, Florida on October 14, 2021 and October 22, 2021. [*Bright House*, ECF 365, 370, 371].

11. In addition, Plaintiffs served **twelve** expert reports in *Bright House* on September 29, 2021. Charter's counsel in this case is the same as Bright House's counsel in *Bright House*,

3

and Bright House's expert reports are due on November 5, 2021. [*Bright House*, ECF 314, filed Aug. 2, 2021]. Due to the sheer number of experts to be deposed, and given the intervening holidays of Thanksgiving (November 25) and Hanukkah (November 28 to December 6), it is anticipated that expert depositions will need to commence in November in order to be completed by December 17, 2021. The parties have not yet agreed to extend the remote deposition protocol in the *Bright House* case to cover expert depositions. In the event that Plaintiffs do not agree to extend the remote deposition protocol to cover expert depositions, these depositions will have to occur in person. This will require a significant amount of travel by counsel during the months of November and December 2021.

12. Holding the Scheduling/Planning Conference on a date in December would also be challenging for counsel, as the month involves summary judgment and *Daubert* briefing deadlines in *Charter I*, expert depositions in *Bright House*, and preparation of summary judgment and *Daubert* motions in *Bright House*, in addition to the usual scheduling and travel difficulties in December due to the holidays.

13. Although Plaintiffs oppose this motion, Plaintiffs' position is at odds with their recent request for an extension in *Charter I*. [*Charter I*, ECF 523, filed Sep. 23, 2021]. Two weeks ago, Plaintiffs sought and obtained a one-week extension of the deadline to respond to a motion to intervene in *Charter I* citing competing deadlines in the related cases as a basis for their request for an extension: "Given the complexity of the background, the seriousness of the accusations, the twelve expert depositions being taken over the next three weeks in this matter, and the impending deadline for Plaintiffs' expert reports in the related Bright House action pending in the Middle District of Florida, Plaintiffs respectfully request a one-week enlargement of their time to oppose, to October 19, 2021." *Id*.

14. Plaintiffs similarly asked for and obtained an extension in *Charter I* when they were facing "the impending deadline for Plaintiffs' expert reports in the related Bright House action." [*Charter I*, ECF 523, filed Sep. 23, 2021].

15. Further, counsel for Plaintiffs have stated that Plaintiffs intend to ask the Court for a one-week extension of their deadline to oppose Charter's motion to dismiss in *Charter II*. *See* Ex. A. In the event Plaintiffs formally make this request and the request is granted, Charter would be prejudiced because the extension would give Plaintiffs more time to oppose the motion than the Local Rules provide. Even if Charter were also given an equivalent one-week extension for its reply brief, Charter would still be at a significant disadvantage because its reply brief in *Charter II* would be due on the same day that Bright House's expert reports are due in the *Bright House* case.

16. Charter respectfully requests that the Scheduling/Planning Conference, currently scheduled for November 2, 2021, be rescheduled to a date after January 10, 2022. This will allow the above-listed activities in the two related cases to be substantially completed. Additionally, by January 2022, the briefing on Charter's motion to dismiss in this case will be completed and Judge Moore may have ruled on that motion—which may obviate the need to have the Scheduling/Planning Conference at all.

17. Pursuant to the Court's instructions, this motion has been filed "no less than FIVE (5) business days in advance of the date of the appearance."

18. This is the first request that the Scheduling/Planning Conference be rescheduled.

19. In addition to the relief requested above, Charter respectfully requests that the Court enter a protective order staying the deadline for the parties' initial disclosures and all other discovery until the issue of moving the Scheduling/Planning Conference is resolved. Charter

makes this request in the interests of judicial economy and to give the parties adequate time to meaningfully meet and confer on a discovery plan that will adequately address Charter's concerns regarding the possibility of discovery from *Charter II* being unfairly used in the *Charter I* and *Bright House* cases after the close of fact and expert discovery in those cases. Charter is hopeful that a continuance of the Scheduling/Planning Conference, coupled with a stay in the near term, will provide the parties sufficient time to confer in good faith in an effort to minimize the amount of disputes requiring Court resolution, in the event the November 2021 mediation does not resolve all three actions.

20. For the Court's convenience, two proposed Orders are submitted herewith: one to reschedule the Scheduling/Planning Conference and one for the protective order regarding initial disclosures.

WHEREFORE, Charter prays that this Court reschedule the Scheduling/Planning Conference now set for November 2, 2021, enter a protective order regarding initial disclosures and all other discovery until a new date is set for the Scheduling/Planning Conference, and grant Charter such other and further relief as the Court deems just and proper.

Dated: October 6, 2021						Respectfully submitted,

							*/s/ Andrew H. Schapiro*
							Andrew H. Schapiro
							QUINN EMANUEL URQUHART & SULLIVAN, LLP
							191 N. Wacker Drive, Suite 2700
							Chicago, IL 60606
							Tel: (312) 705-7400
							Email: andrewschapiro@quinnemanuel.com

							Charles K. Verhoeven
							David Eiseman
							Linda J. Brewer
							QUINN EMANUEL URQUHART & SULLIVAN, LLP
							50 California Street, 22nd Floor
							San Francisco, CA 94111
							Tel: (415) 875-6600
							Email: charlesverhoeven@quinnemanuel.com
							Email: davideiseman@quinnemanuel.com
							Email: lindabrewer@quinnemanuel.com

							Craig D. Joyce
							John Markham Tanner
							FAIRFIELD AND WOODS, P.C.
							1801 California Street, Suite 2600
							Denver, Colorado 80202
							Tel: (303) 830-2400
							Email: cjoycefwlaw.com
							Email: jtannerfwlaw.com

							*Counsel for Defendant Charter Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing of the same to all counsel of record registered with CM/ECF.

/s/ *Andrew H. Schapiro*
Andrew H. Schapiro
